Harrison, in opposition to the motion to dismiss his appeal as being untimely, has filed three affidavits, one by the Power Company attorney, one by the judge's secretary, and one by his attorney. Appendix A, B, and C. Each affiant states that the parties consented to the continuance of the Motion for Judgment Notwithstanding the Verdict and New Trial.
Rule 59.1 was designed to force the trial judge to rule on post-trial motions. It was not designed as a trap by which a party could "consent" to a continuance, and then raise, by motion to dismiss, that the appeal was not timely.
Admittedly, the rule requires that "consent (of all the parties) shall appear of record," but it does not say who is responsible for making sure the consent is in the record. Today's decision obviously places the responsibility on the appellant.
The judge's secretary stated in her affidavit that the May 9, 1978, Order in the record was the type she entered when all parties consented.
Rule 1, ARCP, states that the civil rules are to be construed "to secure the just, speedy and inexpensive determination of every action." I believe today's decision is too technical, and, therefore, unjust.
JONES, J., concurs.
 EXHIBIT "A"
STATE OF ALABAMA, HOUSTON COUNTY.
G.M. Harrison, being first duly sworn, deposes and says:
1. That I, G.M. Harrison, do hereby certify that I was and am an attorney for Alabama Power Company, Appellee, in the present appeal by John E. Harrison, Appellant, of a verdict rendered in the Circuit Court of Houston County, Alabama, on March 28, 1978. I was an Attorney of *Page 22 
Record in this case from the initial answer filed in response to his Complaint in the Trial Court through the hearing by the Trial Court of his Motion For Judgment Notwithstanding the Verdict and Motion For a New Trial.
2. I further certify that on or about May 8, 1978, I was contacted by Debbra Jennings, secretary to Honorable Forrest L. Adams, Circuit Judge of Houston County, Alabama, in regard to a hearing on a Motion For Judgment Notwithstanding The Verdict and Motion For a New Trial filed by John E. Harrison, Appellant, in the Trial Court, and which was set for hearing on May 9, 1978, at 11:00 A.M. Mrs. Jennings told me that Judge Adams was continuing to have problems with his current illness and would not be able to be in his office on May 9, 1978, to hear the Motions referred to herein. At that time, I consented
to a continuance of the hearing on the Motion For Judgment Notwithstanding the Verdict and Motion For a New Trial andconsented to the Court setting the hearing at a future date. Subsequently, I received notice of the new hearing date.
Dated this the 9th day of February, 1979.
(s) G.M. Harrison
Subscribed and sworn to before me on this the 9th day of February, 1979.
 (s) Mary Jane Wells
NOTARY PUBLIC My Commission Expires: 7-16-81
 EXHIBIT "B"
STATE OF ALABAMA, HOUSTON COUNTY.
Debbra Jennings, being first duly sworn, deposes and says:
1. That I was a secretary to Honorable Forrest L. Adams, Circuit Judge, Twentieth Judicial Circuit on May 9, 1978.
2. That on or about May 9, 1978, I called G.M. Harrison and John E. Byrd about continuance of a Motion For Judgment Notwithstanding the Verdict and New Trial hearing set for May 9, 1978, at 11:00 A.M., wherein John E. Harrison was Plaintiff and Alabama Power Company was Defendant. I further remember a conversation with both attorneys about this continuance but do not clearly remember the substance of the conversations.
3. That I wrote the order that appears of record on May 9, 1978, wherein the case was continued generally as a result of my conversations with G.M. Harrison and John E. Byrd.
4. That I know this particular order would not have been written in the manner it was written unless and until both parties had been contacted and made some affirmative response to my call regarding the continuance.
5. That I know that this is the type Order (the May 9, 1978 order of record) that is written by Judge Adams when both parties request a continuance or when a continuance is consented to by both parties.
Dated this the 9th day of February, 1979.
(s) Debbra Jennings
Subscribed and sworn to before me on this the 9th day of February, 1979.
 (s) Betty Sue Brown
NOTARY PUBLIC My Commission Expires: 7/6/81
 EXHIBIT "C"
STATE OF ALABAMA, HOUSTON COUNTY.
John E. Byrd, being first duly sworn, deposes and says as follows:
1. That I am the attorney of record for the Appellant, John E. Harrison, in Case Number 77-795, presently on appeal and before this Court. I further certify that I have represented the Appellant (Plaintiff) in this matter in the trial from the inception of the lawsuit to the present day.
2. I further certify that Debbra Jennings, secretary to Honorable Forrest L. Adams, Circuit Judge, Twentieth Judicial Circuit of Alabama, contacted me by telephone *Page 23 
on or about May 8, 1978, regarding a hearing on a Motion For Judgment Notwithstanding the Verdict and New Trial in the above referred to case in the Trial Court, which was set for hearing on May 9, 1978, at 11:00 A.M. Mrs. Jennings informed me that Judge Adams was having more trouble with his heart and that he could not be in to hear the motions and did I want them heard by another Judge or set on a subsequent date. I informed her that it would be perfectly alright with me if they were set forward because Judge Adams had heard the case and one of my motions was a Motion For Judgment Notwithstanding the Verdict and that would best be heard by the Judge who originally tried the case. I then explicitly informed her that she should call G.M. Harrison, the attorney for Appellee, as he must consent to a general continuance and to the Trial Court resetting the hearing when Judge Adams returned. I also told her to call me back and inform me if he consented to the general continuance and to the Court resetting the hearing date when Judge Adams returned to his office. Mrs. Jennings called me back and informed me that G.M. Harrison had consented, in behalf of the Appellee, to the general continuance and to the Trial Court resetting the hearing date when Judge Adams returned. She then informed me that she would write an Order to that effect, which she did and which is dated May 9, 1978, wherein the case was continued generally. Subsequent thereto, Judge Adams returned to active work and on June 21, 1978, I received an Order of the Court that the Motion For Judgment Notwithstanding the Verdict and New Trial would be heard on August 9, 1978, at 10:00 A.M. On August 9, 1978, the motions were heard and acted upon by Judge Adams.
Dated this the 12th day of February, 1979.
(s) John E. Byrd
Subscribed and sworn to before me on this the 12th day of February, 1979.
 (s) Betty Sue Brown
NOTARY PUBLIC My Commission Expires: 7/6/81